CLD-400                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1044
_____

MELVIN KNIGHT,
                    Appellant

v.

JOHN R. WALTON, Warden employed at the WCP in Westmoreland Pennsylvania;
STEVEN J. CMAR, Deputy Warden employed at the WCP in Westmoreland
Pennsylvania; FLOYD MURPHY, Prison Guards employed at the Westmoreland County
Prison in Westmoreland Pennsylvania; BERNARD J. FUNK, JR., Prison Guards
employed at the Westmoreland County Prison in Wesmoreland Pennsylvania; KARL D.
LEDBETTER; JOSHUA A. KUDLIK; ROBERT CARTY; RONALD J. BURKHART;
DONALD RAIRIGH; ROBERT WRIGHT; BRAD V. TOMASELLO; GEORGE
LOWTHER; J. WILLIAMS; J. KEENAN, Prison Guards employed at the Westmoreland
County Prison in Westmoreland Pennsylvania; JENNIFER HARR; KINCAIDY, Medical
personnel employed by or assigned at the WCP in Westmoreland, Pennsylvania
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:12-cv-00984)
District Judge: Honorable David S. Cercone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary
Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 1, 2016
Before:  FISHER, JORDAN, and VANASKIE, Circuit Judges

(Opinion filed:  September 15, 2016)

_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Melvin Knight appeals from the District Court's order granting summary judgment in favor of the remaining defendants in his civil rights lawsuit. For the reasons discussed below, we will affirm.

We have little to add to the Magistrate Judge's comprehensive description of the facts and evidence in this case, which is fully consistent with video evidence in the record. R&R at 2-5, D. Ct. Doc. No. 132. Knight bases his claims on a series of incidents that began with a search of his cell at Westmoreland County Prison on February 10, 2012, where Knight was a pretrial detainee. Knight alleged that the defendants, who are prison officials and medical personnel at Westmoreland, violated his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution.

Knight brought suit in the District Court on July 12, 2012, and twice amended his complaint. On March 28, 2014, the District Court granted in part and denied in part the defendants' motion to dismiss the second amended complaint, with eight of Knight's original twenty-four counts surviving the dismissal motion. After discovery concluded, the remaining defendants filed motions for summary judgment, which the Magistrate Judge recommended granting. In that Report and Recommendation, the Magistrate Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

notified the parties that unless they objected within fourteen days, they risked forfeiting their right to appeal. Knight then moved to extend the time to file objections. The Magistrate Judge granted that motion and extended the objections deadline to December 8, 2015, but warned Knight that no further extensions would be granted absent good cause. Knight moved for the appointment of counsel on December 8, and the Magistrate Judge denied that motion without prejudice to refile should the District Court decline to adopt the Report and Recommendation.

Knight then moved again to extend the time to object to the Report and Recommendation, this time filing an extension request signed December 11, 2015 and postmarked December 14, 2015—either way, past the already-extended objections deadline of December 8. That motion did not set forth any substantive basis for the objections Knight wished to file. The sole bases Knight asserted for the extension request were that "Plaintiff has been pre-occupied assisting my legal team in the next [p]hase of [a]ppeals in the chance Plaintiff['s] Death Warrant is signed by the Secretary of Corrections" and that "Plaintiff needs an [a]dditional 30 days [e]xtension of time to allow the person helping time to learn the case to effectively assist Plaintiff completing his objections to [Y]our Honor's Report & Recommendations."

On December 17, the District Court granted the defendants' motions for summary judgment and adopted the Report and Recommendation in an order that correctly noted that Knight had failed to object, but that incorrectly stated that Knight had not moved again for an extension of time to object. Knight filed a timely notice of appeal on

3

January 8, 2016. Thereafter, the District Court issued an additional order that acknowledged the misstatement in its summary judgment order and then considered Knight's request for a further extension of time to object. The District Court concluded that there was no basis for any additional extension and denied the motion to extend.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's decision regarding a motion for an extension of time for abuse of discretion. Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010). We review the District Court's ruling on a motion for summary judgment de novo. Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). Where there is a video recording of the relevant events, the Court views the facts as depicted in the recording, rather than in the non-movant's favor, whenever the recording "blatantly contradict[s]" the non-movant's version such that "no reasonable jury could believe it." Scott v. Harris, 550 U.S. 372, 380-81 (2007).

On issues for which a party failed to file timely objections to the Magistrate Judge's report after adequate notice, we instead review the District Court's decision for plain error. Brightwell v. Lehman, 637 F.3d 187, 193 (3d Cir. 2011). Under that standard, we reverse only if there is an error that affects a party's substantial rights in a

4

way that impacts the fairness, integrity, or public reputation of judicial proceedings. Nara v. Frank, 488 F.3d 187, 197 (3d Cir. 2007).

On appeal, Knight does not raise any substantive errors arising out of the District Court's analysis of the motions for summary judgment. Rather, Knight requests only that we remand the case to the District Court with instructions that the District Court allow Knight to file his objections to the Magistrate Judge's Report and Recommendation. In support of that request, Knight asserts that his extension request was timely because the prison's lockdown status added a delay from the time when he gave the extension request to prison officials to when the request was processed through the prison mail. Knight also argues that the prison lockdown prevented him from visiting the prison law library to work on his objections with a jailhouse lawyer who had been assisting him.

We conclude that the District Court did not abuse its discretion in declining to grant Knight's second extension request. First, the signature date on Knight's filing undermines his assertions about the lockdown delay: his extension motion is dated December 11, which falls after the December 8 objections deadline regardless of what transpired with the prison mail. But more to the point, Knight never showed the requisite good cause to support an additional extension request before the District Court. His belated and unsupported assertion before this Court that the two-month extension he had already received was insufficient for him to exercise his rights cannot change that fact.

Thus, in the absence of timely objections to the Magistrate Judge's report and recommendation, we will reverse the District Court if and only if it committed error that

5

affected Knight's substantial rights in a way that impacted the fairness, integrity, or public reputation of judicial proceedings. See Brightwell, 637 F.3d at 193; Nara, 488 F.3d at 197. No such plain error appears in the District Court's summary judgment ruling. The Magistrate Judge in this case recited each asserted basis for relief in detail, the evidence in the record that related to each claim, and whether that evidence created a genuine issue of material fact. As the Magistrate Judge carefully explained, the video evidence and Knight's own admissions contradicted Knight's claims of excessive force, failure to intervene, deliberate indifference to serious medical needs, and mental or emotional injury. The District Court was inarguably correct to adopt the Magistrate Judge's analysis as the opinion of the court, and Knight received fair consideration of his claims in all respects.

Consequently, we will affirm the District Court's judgment. Knight's motion for the appointment of counsel on appeal is dismissed as moot.